# Commonwealth, ex rel., v. Weible, Administratrix

*Edwin C. Moon,* for plaintiff.
*Brockway, Whitla & McKay,* for defendant.

McLAUGHRY, P. J., June 21, 1935.—The Common-wealth brought an action against Cora E. Weible, as administratrix of the estate of her deceased husband Harry R. Weible, to recover certain amounts paid by the Commonwealth for the support of Harry R. Weible at the Warren State Hospital for the Insane prior to his death on May 21, 1933. Cora E. Weible, administratrix, filed an affidavit of defense raising a question of law. ·

The administratrix had a sci. fa. issued to bring in as additional defendants the directors of the poor of Mercer County, setting up a written contract between the directors of the poor and Cora E. Weible in 1921, in which Cora E. Weible agreed to pay the cost of removing her husband Harry R. Weible to the Warren State Hospital, to pay the cost of his examination, to pay the directors of the poor $3 per week, and at the death of Harry R. Weible to take charge of his body; and it is alleged that in consideration thereof the directors of the poor agreed

to maintain Harry R. Weible at the Warren State Hospital. The sci. fa. further alleged the performance of this agreement by Mrs. Weible from 1921 to May 21, 1933, and averred that if the Commonwealth was entitled to recover any amount from the estate of Harry R. Weible, deceased, the directors of the poor were liable over to the estate. The directors of the poor admit executing the contract, but deny their liability over to the administratrix, and the matter is before the court on motion for judgment for want of sufficient affidavit of defense to the sci. fa.

The first question raised is as to whether or not the directors of the poor had the power to enter into an agreement such as we have here. It is argued by the counsel for the defendant that the directors of the poor agreed in the contract to take and maintain at the State Hospital for the Insane at Warren one Harry R. Weible, and since the directors of the poor had the responsibility of maintaining him it was within their power to make a contract with his wife for his benefit, whereby in consideration of the payment of $3 a week by her they would maintain him at the hospital, and take care of any further expense above the $3 paid by her, if there should be such expense.

We are of the opinion that the directors of the poor had the power to make such a contract as was made, and were acting within their rights to make such a contract, but that the said contract was without liability for that part of the maintenance paid by the Commonwealth. The contract was made between the directors of the poor and Cora E. Weible, and not between the directors of the poor and Cora E. Weible, administratrix of the estate of Harry R. Weible, deceased. There are reasons why such a contract was made. It is stated in the Act of May 21, 1889, P. L. 258, as last amended by the Act of April 4, 1925, P. L. 139 (50 PS §623) :

"The expense of the care and treatment of the indigent insane, whether chronic or otherwise, in the State and

semi-State hospitals for the insane, is hereby fixed at the uniform rate of two dollars and fifty cents per week for each person, including clothing, chargeable to the respective counties or poor districts from which such insane shall come, and the excess over said two dollars and fifty cents shall be paid by the State".

We find that later the rate was fixed at $3 per week, and that "the cost over and above $3.00 per week chargeable to the counties or poor districts, shall be paid by the commonwealth." It is further provided under the Act of July 11, 1923, P. L. 998, article v, sec. 503, as follows:

"Whenever any mental patient is admitted . . . to any mental hospital maintained wholly or in part by the Commonwealth, the cost of care and maintenance, including clothing, of such patient in such hospital shall be defrayed from the real or personal property of such patient. . . . If he have no such property, or is not possessed of sufficient property to defray such expenses, then so much of said expenses as shall be in excess of any amount collected from his said property and paid on account of said expenses shall be paid by such person as is liable under existing laws for his support; and if there be no such person, or if he is financially unable to pay such expenses or any proportion thereof, then such expenses or the proportion thereof which cannot be collected from the patient, or the person liable for his support, shall be paid by the county or poor district or municipality which is liable for his support and by the Commonwealth in the proportion which is now or shall hereafter be fixed by law."

The action here is brought by the Commonwealth against the estate of Harry R. Weible to recover the amount that the State has paid to the Warren State Hospital for Harry R. Weible's maintenance. When Mr. Weible was admitted to the Warren State Hospital in 1921, he was admitted as a patient from Mercer County, and was chargeable to the County of Mercer at the rate of $2.50 (subsequently raised to $3) a week for his care and

maintenance. The County of Mercer contracted with the wife of Harry R. Weible to be reimbursed for the amount paid. The directors of the poor paid the State hospital the sum of $2.50, and later $3, per week for such maintenance, and they were reimbursed, in accordance with the terms of the contract, by Cora E. Weible. The contract was performed in full by the directors of the poor, and Mrs. Cora E. Weible performed her part of the contract. We think the statutes of the State justify such a contract, but the contract did not place liability upon the directors of the poor for that part of the maintenance paid by the Commonwealth; and further, we are of the opinion that if such a contract would be binding on the directors of the poor, the administratrix of the estate cannot take advantage of it, because it is the estate that is liable, and not Cora E. Weible with whom the contract was made.

### Order

And now, June 21, 1935, this matter came on to be heard and was argued by counsel; whereupon, after due consideration, the rule upon the defendants, the directors of the poor, to show cause why judgment should not be entered against them for whatever amount may be recovered by the Commonwealth of Pennsylvania against Cora E. Weible, administratrix of the estate of Harry R. Weible, for want of sufficient affidavit of defense to the sci. fa. of said Cora E. Weible, administratrix, is discharged. <span>From W. G. Barker, Mercer.</span>